# United States Court of Appeals
## For the Seventh Circuit
### Chicago, Illinois, 60604

KEVIN W. CULP, MARLOW DAVIS,　　　　　)
FREDDIE REED-DAVIS,　　　　　　　　　　)　　Appeal No. 15-3738
DOUGLAS W. ZYLSTRA,　　　　　　　　　　)
JOHN S. KOLLER, STEVE STEVENSON,　　　)　　Appeal from the United
PAUL HESLIN, MARLIN MANGELS,　　　　　)　　States District Court for
JEANELLE WESTROM,　　　　　　　　　　　)　　the Central District of
SECOND AMENDMENT FOUNDATION,　　　)　　Illinois, Springfield Division
INC., ILLINOIS CARRY and　　　　　　　　　)
ILLINOIS STATE RIFLE ASSOCIATION,　　　)　　Case No. 3:14-CV-3320
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Appellants,　　　　　　)　　Sue E. Myerscough, Judge
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　v.　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
LISA MADIGAN, in her Official Capacity　　)
as Attorney General of the State of Illinois;　)
HIRAM GRAU, in his Official Capacity as　　)
Director of the Illinois State Police, and　　)
JESSICA TRAME, as Bureau Chief of the　　)
Illinois State Police Firearms Services　　　)
Bureau,　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Appellees.　　　　　　)

## SEVENTH CIRCUIT RULE 3(c)(1) DOCKETING STATEMENT

**THE PLAINTIFFS-APPELLANTS,** KEVIN W. CULP, MARLOW DAVIS,

FREDDIE REED-DAVIS, DOUGLAS W. ZYLSTRA, JOHN S. KOLLER, STEVE

STEVENSON, PAUL HESLIN, MARLIN MANGELS, JEANELLE WESTROM, SECOND

AMENDMENT FOUNDATION, INC., ILLINOIS CARRY and ILLINOIS STATE RIFLE

ASSOCIATION, pursuant to Seventh Circuit Rule 3(c)(1), submit the following Docketing

Statement:

## DOCKETING STATEMENT

1.　　　Plaintiffs-Appellants seek declaratory and injunctive relief barring enforcement of a

certain statute of the State of Illinois (430 ILCS 66/40) as unconstitutional, in violation of U.S. Const. amends. II and XIV, Article IV, §2 of the Constitution, and 42 U.S.C. § 1983. The District Court had jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

Plaintiff Second Amendment Foundation, Inc., is a non-profit corporation, organized under the laws of Washington with its principal place of business in Bellevue, Washington. Plaintiff Illinois State Rifle Association is a non-profit corporation, organized under the laws of Illinois with its principal place of business in Chatsworth, Illinois. Plaintiff Illinois Carry is a non-profit corporation, organized under the laws of Illinois with its principal place of business in Shelbyville, Illinois.

2.     This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1291(a)(1), in that the District Court entered an Opinion and Order which denied Plaintiffs' Motion for preliminary injunctive relief.

  i.     The order sought to be reviewed was entered December 7, 2015.

  ii.    There were no other orders tolling the time in which to appeal.

  iii.   The notice of appeal was filed December 8, 2015.

3.     While the Order appealed from is not final, this Court still has jurisdiction under 28 U.S.C. 1292(a)(1), because the Order denying preliminary injunctive relief to Plaintiffs will not later be newly-decided in this matter before the District Court, causes irreparable harm to Plaintiffs in the denial of their Constitutional rights and freedoms, and there is no

way for Plaintiffs to amend their Complaint that would result in a different finding by the District Court. The District Court's Order extinguished Plaintiffs' claims, despite the absence of a final Order.

Specifically, Plaintiffs' Complaint seeks permanent injunctive relief against a certain statue (430 ILCS 66/40) that prohibits virtually all non-Illinois residents from applying for a concealed carry license. The challenged law was promulgated and enforced by the Defendants. The District Court ruled that although Plaintiffs had a likelihood of success on the merits, no adequate remedy at law, and irreparable harm, the requested injunction would nonetheless be denied because of a finding that the balance of harms and public interest weighed against Plaintiffs. Therefore, the District Court denied Plaintiffs' request for a preliminary injunction. The Order effectively extinguishes Plaintiffs' claims, and there is no amendment Plaintiffs can make to their pleadings which would change that. Since there was a full hearing on the matter, the issue will not later be redecided by the District Court in this matter. Plaintiffs claim that as a result they are irreparably harmed by the ongoing denial of their Constitutional rights.

The District Court subsequently ordered (on December 9, 2015) that "in light of the current state of the law concerning the Second Amendment, and the fact that the Seventh Circuit decision on the preliminary injunction will be extremely beneficial to the ultimate resolution of this case, the Court *sua sponte* stays these proceedings." Therefore, it can also be stated that no matters are currently pending for disposition in the District Court.

Dated:  December 15, 2015                    Respectfully submitted,

                                             By:     /s/ David G. Sigale
                                                     David G. Sigale
                                                     Attorney for Plaintiffs


David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
630.452.4547/Fax 630.596.4445
dsigale@sigalelaw.com

✔

# CERTIFICATE OF SERVICE
### Certificate of Service When All Case Participants Are CM/ECF Participants

I hereby certify that on ___December 15, 2015___, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/___David G. Sigale___

# CERTIFICATE OF SERVICE
### Certificate of Service When Not All Case Participants Are CM/ECF Participants

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

counsel / party:                                    address:

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

s/_____